UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

BRIAN CARTER, )
 )
           Petitioner, )
 )
vs. ) 1:12-cv-432-JMS-TAB
 )
WARDEN, FCI TERRE HAUTE, IN, )
 )
           Respondent. )

**Entry Discussing Petition for Writ of Habeas Corpus**

Brian Carter is confined in this District and seeks a writ of habeas corpus with respect to his conviction entered in the United States District Court for the Central District of Illinois.

Whereupon the court, having considered the petition for a writ of habeas corpus and being duly advised, now finds that the relief sought by the petitioner must be denied and that the action must be dismissed. This conclusion rests on the following facts and circumstances:

1. A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974); *United States v. Bezy*, 499 F.3d 668, 670 (7th Cir. 2007). A § 2241 petition by a federal prisoner is generally limited to challenges to the execution of the sentence. *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998); *Atehortua v. Kindt*, 951 F.2d 126, 129 (7th Cir. 1991). However, a petition challenging the conviction may be brought pursuant to 28 U.S.C. § 2241 only if § 2255 "would not . . . be[ ] adequate to test the legality of the conviction and sentence." *Melton v. United States*, 359 F.3d 855, 858 (7th Cir. 2004); 28 U.S.C. § 2255(e).

2. A remedy via § 2255 is "inadequate or ineffective to test the legality of [the] detention" when a legal theory that could not have been presented under § 2255 establishes the petitioner's actual innocence. *In re Davenport*, 147 F.3d 605 (7th Cir. 1998). "A procedure for post-conviction relief can fairly be termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense." *Id.* at 611. It is the inmate's burden to show that a § 2241 remedy is the proper one. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001). "The essential point is that a prisoner is entitled to one unencumbered opportunity to receive a decision on the merits." *Potts v. United States*, 210 F.3d 770 (7th Cir. 2000).

3. Carter was convicted of drug offenses. He now contends that the statute pursuant to which he was convicted violates the Tenth Amendment to the United States Constitution. Carter asserts that the Supreme Court's recent decision in *Bond v. United States,* 131 S. Ct. 2355 (2011), permits him to bring this action. *Bond* held that a defendant has standing to challenge the statute of his conviction as violating the Tenth Amendment. While *Bond* itself was not available to Carter at the time of his conviction or post-conviction proceedings, the Tenth Amendment was and he had the opportunity to challenge his conviction under the Tenth Amendment had he chosen to do so. *See Gillespie v. City of Indianapolis*, 185 F.3d 693, 703 (7th Cir. 1999) (officer had standing to challenge the constitutionality of provisions of federal Gun Control Act prohibiting persons convicted of misdemeanor crimes of domestic violence, including police officers, from possessing firearms in or affecting commerce).

4. Because his claim could have been presented to the trial court, in the course of his direct appeal, or in his first § 2255 action, the remedy afforded by § 2255 was anything but "unavailable" or ineffective to test the validity of Carter's conviction. The claim is not available for further review here. Carter has not been imprisoned for a nonexistent offense; has not been sentenced above the statutory maximum; and is not factually innocent.

5. In summary, therefore, Carter has sought relief pursuant to 28 U.S.C. § 2241 under circumstances which do not permit or justify the use of that remedy. Because he cannot obtain the review or the relief he seeks in this action pursuant to 28 U.S.C. § 2241(c)(3), the action must be dismissed. *Phillips v. Seiter*, 173 F.3d 609, 610 (7th Cir. 1999).

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 04/06/2012

*[signature: Jane Magnus-Stinson]*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana